| | |
|---|---|
| 1 | **C. Anthony Hughes SBN: 250998** |
| 2 | Hughes Financial Law |
| | 1395 Garden Highway, Suite 150 |
| 3 | Sacramento, CA 95833 |
| | Ph:  (916) 485-1111 |
| 4 | Fax: (916) 720-0255 |
| 5 | E-mail: attorney@4851111.com |
| 6 | Attorney for Debtor |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2013-34541 |
| | ) | Chapter 11 |
| **6056 SYCAMORE TERRACE, LLC** | ) | Docket Control No.:  CAH-001 |
| | ) | |
| Debtor, | ) | **STATUS REPORT** |
| | ) | |
| | ) | Status Conference set for hearing on |
| | ) | **December 23, 2013 at 10:00 a.m.** |
| | ) | |
| | ) | |
| _____ | ) | Judge:  Hon. Michael S. McManus |

Debtor 6056 Sycamore Terrace, LLC through C. Anthony Hughes, Esq., submits the following Status Report:

**1) History of the Debtors**

    i.  <u>Managing Member of Debtor, Education and Work History</u>

Debtor is solely managed by Hossein F. Bozorgzad ("Hoss") and he will continue to manage the business post confirmation.

Hoss completed the Industrial and System Engineering University of San Jose in 1980. Additionally, in 1994, he also completed the Executive Management Program from Stanford University.

Hoss has worked in the electrical industry for 20 years in various positions ranging from Engineering to Operation, Marketing, Sales, and finally Executive General Management and also holds a California State Real Estate License # 01921324.

ii. Events Leading to the Filing of Chapter 11

The subject property, located at 6056 Sycamore Terrace, Pleasanton, CA 94566, parcel no. 948-0017-015 was purchased by Hoss in 1994. In 2001 Hoss built his personal family home on the lot. In or around October 2007, Hoss refinanced the property through Washington Mutual, for the purpose to remove his ex-wife from the original loan.

Starting in 2009 Hoss began to have financial difficulties as a result of the housing market crash. As a result, Hoss reached out to JP Morgan Chase, the new servicing agent of the property for a loan modification. After a number times being told the file was lost, more information needed, etc. Hoss was finally told by Chase that he had a trial modification period with monthly payment of $4800+/- per month in August of 2009. Around this time, Hoss moved to Auburn, California and began renting the home in efforts to cover all of these expenses. This payment did not include property taxes of $1,500 or insurance of $350.

On or around December of 2009, Hoss secured a long-term residential lease for $7,500 per month.

During the period of February 2009 through March 2010, Hoss had make the modified payments to Chase. In April 2010, Hoss received a notice that the final modification was denied and that the payment was effectively going from the $4,800 to $11,000. No reason for the denial was provided. Further, the payment of the $11,000 would retroactively applied back to August 2009.

Hoss attempted to resolve the matter with Chase, but was unsuccessful. Chase eventually told Hoss to restart the modification process over again.

In July 2010, Hoss employed the Law Firm of Bottonline to assist in the modification process with Chase.  Shortly thereafter, Chase offered a second modification which included taxes and insurance with a monthly payment of $10,000.00. Thereafter, Hoss made three payments in accordance with the new terms but Chase did not apply the amounts to the account. Chase provided that it would take a few months for the system to update the new payment and apply the amounts. Further Chase provided a monthly statement showing an incorrect monthly payment of $11,200 and not the agreed upon amount of $10,000. After failed attempts to communicate the discrepancy with Chase the payment was never corrected.  Three payments were subsequently held in a suspect account. Around this time, Hoss' cash flow slowed as a result of another real estate project woes and payments to Chase ceased at this time.

In May 2012, Hoss placed the subject property in an LLC to protect it from the complexity and difficulties surrounding other financial aspects of his portfolio. Notice was provided to Chase regarding the changes.

In December 2012, a notice of default was erroneously filed.

In April 2013, due to the erroneous notice of default, Chase rescinded the notice. Around this time, the long-term tenant that had lived at the subject property for over three and a half years abruptly vacated the property without advanced notice. The property was left in poor condition, including water damage that required an insurance claim, for total damages around $50,000. The prior tenant did not provide forwarding information.

In May 2013, the home was rented to the second tenant on a two-year lease agreement for $8,900 per month. A notice was sent to Chase regarding the lease and request of assistance to modify the terms of the payment to $8,900. Chase rejected the offer and countered back at $11,200 per month and shortly thereafter filed a notice of default in June 2013. Hoss notified the new tenants of the NOD.

Case No. 2013-34541

Around August 2013, a Chase representative visited the subject property, making the tenants uncomfortable and nervous about the viability of their two-year lease. Shortly thereafter the tenants notified Hoss their intent to break their lease and failed to pay September's rent.

Hoss initiated an Unlawful Detainer action in Alameda County Superior and retook possession of the property on October 23, 2013 before the hearing on the action took place. The property is currently vacant and Hoss' son is living in the home to ensure the property is maintained until it is re-rented.

A notice of trustee sale was sent to Hoss in early September 2013 for sale date of October 10, 2013, which was postponed until November 14, 2013. Hoss then initiated this Chapter 11 bankruptcy on November 13, 2013.

2) **Type of Plan**

    a.    The Plan of <u>Reorganization</u> and Disclosure statement will be filed before the Status Conference.

3) **Cramdown**

    a.    Debtor anticipates that all classes will vote in favor of the Plan under 11 U.S. C. § 1129(a)(8) because the creditors will receive more with a payment plan rather than a liquidation. However, Debtor is also prepared to confirm a Plan under 11 U.S. C. § 1129(b).

4) **Valuation of Assets**

    a.  JPMorgan Chase Bank, N.A. holds the **First Deed of Trust** secured against 6056 Sycamore Terrace, Pleasanton, CA 94566. Debtor intends on valuing the collateral for $1,600,000 thus bifurcating the claim into secured and an unsecured portion.

In re:  6056 SYCAMORE TERRACE, LCC'S
Case No. 2013-34541

b.  IndyMac Mortgage Services holds the **Second Deed of Trust** secured against 6056 Sycamore Terrace, Pleasanton, CA 94566. Debtor intends on valuing the collateral for $1,600,000 thus treating this claim as fully unsecured.

c.  Jahan and Faran Honardoost holds the **Third Deed of Trust** secured against 6056 Sycamore Terrace, Pleasanton, CA 94566. Debtor intends on valuing the collateral for $1,600,000 thus treating this claim as fully unsecured.

d.  Valley Community Bank holds the **Forth Deed of Trust** secured against 6056 Sycamore Terrace, Pleasanton, CA 94566. This deed of trust was the result of a cross-collateralization from Debtor's Managing Member's other LCC in pending Chapter 11, Hilltop, LLC (Case No. 2011-47056). Creditor and managing member are in the final stages of negotiating a stipulation to resolve and remove the lien from the subject property. Debtor does not intend on providing treatment for this claim in the Plan but out of an abundance of caution, the claim has been listed on Debtors' petition.

5)  **Cash Collateral and Adequate Protection**

   a.  There are no cash collateral issues because there is no assignment of rents provision in the deed of trust.

6)  **Adversary Proceedings**

   a.  None anticipated.

7)  **Environmental Issues**

   a.  None anticipated.

**8)    Objections to Claims**

    a.    None anticipated.

**9)    Post-Confirmation Sale of Assets**

    a.    None anticipated.

**10)    Anticipated Professional Fees**

    a.    Regular attorney fees going forward will apply. As this Chapter 11 case will include bifurcating the first lien, and stripping off the second and third mortgage of debtors' rental property. The attorney fees are likely to be around $4,000 for post filing work, if nothing is contested. A motion to employ C. Anthony Hughes [CAH-2] was filed on 12/06/2013 with a scheduled hearing date of January 6, 2014 at 10:00 AM. Debtor is managed by the sole managing member, Hossein F. Bozargzad and provides for the accounting. Debtor does do not anticipate the need to employ an accountant, at this time.

**11)    Small Business Debtor**

    a.    Debtor is not designated as a Small Business Debtor.

Dated: December 6, 2013              By:    /s/ C. Anthony Hughes
                                                                 C. Anthony Hughes, Esq.
                                                                 Attorney for Debtor