CHRISTOPHER M. MCDERMOTT (SBN 253411)
cmcdermott@piteduncan.com
TODD S. GARAN (CA SBN 236878)
tgaran@piteduncan.com
GREGORY P. CAMPBELL (CA SBN 281732)
gcampbell@piteduncan.com
PITE DUNCAN, LLP
4375 Jutland Dr., Ste. 200
P.O. Box 19734
San Diego, CA 92177-9734
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for  JPMorgan Chase Bank, National Association

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>6056 SYCAMORE TERRACE LLC,<br><br><br>Debtor. | Case No. 13-34541<br><br>D.C. No [CAH-4]<br><br>Chapter 11<br><br>**OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL**<br><br>**Property Address**:<br><br>6056 Sycamore Terrace,<br>Pleasanton, CA  94566<br><br>**Hearing**:<br><br>Date:   January 21, 2014<br>Time:   10:00 A.M.<br>Place:  U.S. Bankruptcy Court<br>501 I Street, Sacramento, CA<br>Courtroom 28, Department A |

JPMorgan Chase Bank, N.A.[1] ("**Chase**"), secured creditor of the above-entitled Debtor, 6056 Sycamore Terrace LLC ("**Debtor**"), hereby submits its Opposition to the Debtor's Motion to Value Collateral ("**Opposition**")2. The basis of the Opposition is stated below:

---

[1] This Opposition shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

2 Chase does not consent to the Court's resolution of the value of the Property based on the pleadings and reserves

- 1 -

**I.**

**STATEMENT OF FACTS**

1. On October 5, 2007, Hossein Bozorgzad ("**Borrower**") executed a Note in the principal sum of $1,815,000.00 (the "**Note**") to Washington Mutual Bank, FA ("**WAMU**"). The Note reflects that WAMU indorsed the Note in blank. A copy of the Note is attached to the concurrently filed exhibits ("**Exhibits**") as **Exhibit A** and incorporated herein by reference.

2. On October 5, 2007, Borrower executed a Deed of Trust (the "**Deed of Trust**") granting WAMU a security interest in certain real property located at 6056 Sycamore Terrace, Pleasanton, CA 94566 ("**Property**"), which is more fully described in the Deed of Trust. The Deed of Trust reflects that it was recorded in the official records of the Alameda County Recorder's Office. A copy of the Deed of Trust is attached to the Exhibits as **Exhibit B** and incorporated herein by reference. The Note and Deed of Trust are collectively referred to as the "**Subject Loan**".

3. Subsequently, WAMU's interest in the Deed of Trust was assigned to Chase. A copy of the Assignment of the Deed of Trust is attached to the Exhibits as **Exhibit C** and incorporated herein by reference.

4. On or about May 18, 2012, Borrower allegedly executed and recorded an unauthorized Grant Deed purporting to transfer his interest in the Property to 6056 Sycamore LLC, the Debtor herein.[3] A copy of the unauthorized Grant Deed is attached to the Exhibits as **Exhibit D** and incorporated herein by reference.

5. On November 14, 2013, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and was assigned bankruptcy case no. 13-34541.

6. On December 12, 2013, Chase obtained an interior appraisal of the Property. The Appraisal Report indicates that the Property has a current value of $2,250,000.00 as of December 12, 2013. A copy of the Appraisal Report is attached to the Exhibits as **Exhibit E** and incorporated herein by reference. The Appraisal Report is supported by the concurrently filed Declaration of Peter Iversen ("**Iversen Declaration**"). The Iversen Declaration states that Mr. Iversen is a licensed real estate appraiser familiar with real estate values in the area surrounding the Property. Mr. Iversen has

---

its right for an evidentiary hearing on the value of the Property if the parties are unable to resolve their dispute.
3 Chase reserves its right to contest's Debtor's ability to modify Chase's claim through a Chapter 11 Plan as the

1    worked as a real estate appraiser since 1965. (*See* Iversen Declaration, Page 1).

2        7.     On December 16, 2013, Debtor filed its Motion to Value Collateral ("**Motion to

3    Value**"). (*See* Docket No. 20). The Debtor's Motion to Value proposes to reduce Chase's claim in

4    the approximate sum of $2,231,587.82[4] to $1,600,000.00, the alleged value of the Property. The

5    Debtor failed to file a verified appraisal report or declaration from a certified residential appraiser to

6    support its proposed valuation. Rather, the Motion to Value is supported by a Declaration from the

7    original Borrower ("**Bozorgzad Declaration**"). (*See* Docket No. 22). The Bozorgzad Declaration

8    states that the Borrower is the managing member of the Debtor and indicates that the value of the

9    Property is based on the Borrower's opinion. (*See* Bozorgzad Declaration, Page 2).

10       8.     On December 16, 2013, Chase's counsel, Christopher McDermott, attended the initial

11   § 341 Meeting of Creditors. At the 341 Meeting, the Borrower, as managing member of the Debtor,

12   testified that the Borrower's valuation of the Property is based on appraisal obtained by Chase

13   during one of the Debtor's prior loan modification efforts. Further, the Borrower stated that he spoke

14   with the appraiser who conducted the prior appraisal who informed the Borrower of the Property's

15   value. In addition, the Borrower testified that the Property is currently in good condition and went

16   through approximately $50,000.00 in renovations over the past year. Finally, the Borrower stated

17   that the Property is currently vacant and the Borrower's son is living in the guest house rent-free.

18   (*See* **McDermott Declaration** filed concurrently herewith).

19       Chase now submits its Opposition to the Debtor's Motion to Value.

20   **II.**

21   **ARGUMENT**

22   **A. THE DEBTOR'S MOTION TO VALUE PROPOSES TO REDUCE CHASE'S CLAIM
    BELOW THE FAIR MARKET VALUE OF THE PROPERTY**

23

24       11 U.S.C. §1123(b)(5) provides that a plan may modify the rights of holders of secured

25   claims, other than a claim secured only be a security interest in real property that is the debtor's

26   principal residence. 11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a

27   lien on property in which the estate has an interest…is a secured claim to the extent of the value of

28

---

Debtor is not a Borrower under the Subject Loan.
[4] This claim amount is based on the value listed on Debtor's Schedule D. Chase is in the process of preparing and

1 such creditor's interest in the estate's interest in such property.

2     In the present case, the Debtor's Motion to Value proposes to reduce Chase's claim in the approximate sum of $2,231,587.82 to $1,600,000.00, the alleged value of the Property. The Debtor failed to file a verified appraisal report or declaration from a certified residential appraiser to support its proposed valuation. Rather, the Motion to Value is supported by a Declaration from the original Borrower. (*See* Docket No. 22). The Bozorgzad Declaration states that the Borrower is the managing member of the Debtor and indicates that the value of the Property is based on the Borrower's opinion. (*See* Bozorgzad Declaration, Page 2). However, it is unclear if Mr. Bozorgzad is a licensed real estate appraiser or qualified to conduct real property valuations. Moreover, it does not appear that the Borrower's opinion of value is based on his personal opinion of value as the Borrower testified at the 341 Meeting that his valuation of the Property is based on appraisal obtained by Chase during one of the Debtor's prior loan modification efforts. Further, the Borrower stated that he spoke with the appraiser who conducted the prior appraisal who informed the Borrower of the Property's value. (*See* McDermott Declaration). Accordingly, the court should disregard the Borrower's opinion of value as it does not appear the Borrower is qualified to offer an opinion of the value of real estate in the area and the Borrower's statements are, at best, hearsay.

17     Chase is informed and believes that the value of the Property is significantly greater than the Debtor's proposed valuation. Indeed, Chase is in possession of an interior Appraisal Report, dated December 12, 2013, indicating that the Property has a current value of $2,250,000.00. (*See* Exhibit E and Iversen Declaration). Accordingly, Chase's claim in the approximate sum of $2,231,587.82 must be allowed in full pursuant to 11 U.S.C. § 506. Based upon the foregoing, Chase requests that the Court deny the Debtor's Motion to Value.

23 /././

24 /././

25 /././

26 /././

27 /././

28 /././

---

filing a Proof of Claim and reserves it right to contest the scheduled amount of its secured claim.

**WHEREFORE**, Chase respectfully requests:

1. That the Debtor's Motion to Value be denied; and

2. For such other and further relief as this court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: January 6, 2014        /s/ *Gregory P. Campbell* (CA SBN 281732)
GREGORY P. CAMPBELL
Attorneys for Creditor, JPMorgan Chase Bank, N.A.