| | |
|---|---|
| 1 | **C. Anthony Hughes SBN: 250998** |
| 2 | Hughes Financial Law |
|   | 1395 Garden Highway, Suite 150 |
| 3 | Sacramento, CA 95833 |
|   | Ph:  (916) 485-1111 |
| 4 | Fax: (916) 720-0255 |
| 5 | E-mail: attorney@4851111.com |
| 6 | Attorney for Debtor |

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 2013-34541 |
|   | ) | Chapter 11 |
| **6056 SYCAMORE TERRACE LLC** | ) | DCN:  CAH-004 |
|   | ) |   |
|   | ) | **DEBTOR'S REPLY TO OPPOSITION TO** |
|   | ) | **DEBTOR'S MOTION TO VALUE** |
| DEBTOR | ) | **COLLATERAL** |
|   | ) |   |
|   | ) | **Property Address:** |
|   | ) | 6056 Sycamore Terrace, |
|   | ) | Pleasanton, CA 94566 |
|   | ) |   |
|   | ) | Date:    January 21, 2014 |
|   | ) | Time:    10:00 a.m. |
|   | ) | Place:    501 "I" Street |
|   | ) |             Courtroom 28, Dept. A |
|   | ) |             Sacramento, CA |
|   | ) |   |
|   | ) | Judge:  Honorable Michael S. McManus |

Debtor, 6056 SYCAMORE TERRACE LLC, (hereinafter, "Debtor"), by and through its Attorney of Record, C. Anthony Hughes, of Hughes Financial Law, hereby files Debtor's Reply to Opposition to Debtor's Motion to Value of the Allowed Secured Claim of J P MORGAN CHASE BANK, N.A., (hereinafter, "Chase"), on Debtor's Real Property located at 6056 Sycamore Terrace, Pleasanton, California, 94566, (hereinafter "Subject Property"); secured by a 1st Deed of Trust.

1. The above-referenced Chapter 11 Case was filed on November 14, 2013;

2. Prior to the filing of this chapter 11, Debtor's managing member, Hossein Bozorgzad ("Hoss"), and Chase were working together on a loan modification. On or around March of 2013, Chase had ordered an appraisal for the Subject Property. Chase ordered this appraisal in response to Hoss's application for loan modification. Hoss was asked to provide access to the property for the Appraiser. The tenant who lived in the house at the time asked Hoss to be present when the appraiser was there. Hoss met with the appraiser at the Subject Property. After the appraisal, the appraiser gave Hoss his business card. The appraiser took over two hours to complete his measurements, pictures and questions about the property. Hoss then called the appraiser a week or so later, to ensure the appraiser had the necessary items to complete the appraisal. Hoss then asked if he could share what the property was appraised for. The appraiser stated a discrepancy in measurement footage vs. Public Records. However, by rules that he has to adhere to, he has to use the Public Record footage. Therefore, based on Public Record Footage he appraised the property between $1,600,000.00 to $1,700,000.00. (*See* Declaration of Hossein F. Bozorgzad)

3. On December 12, 2013, Chase ordered an interior appraisal on the Subject Property.

4. On December 16, 2013, Debtor filed its Motion to Value Collateral ("Motion to Value") (*See* Docket No. 20) pursuant to 11 U.S.C. §506(a) and (d); and Rule 3012 of the Federal Rules of Bankruptcy Procedure. Debtor's Motion to Value proposes to reduce Chase's claim in the approximate sum of $2,231,587.82 to $1,600,000.00. Based on Debtor's managing member's opinion of value, ($1,600,000.00), the Subject Property is undersecured by $631,587.82.

5. On December 24, 2013, Chase completed its appraisal on the Subject Property.

6. On January 7, 2014, Chase filed its Opposition to the Motion to Value. In support of their opposition they introduced the December 24, 2013 appraisal for $2,250,000.00. (*See* Chase's Opposition, Exhibit E) (*See* Docket No. 52) ("Chase's Appraisal").

7. Chase's Appraisal has the following discrepancies*:*

   a. Appraiser uses total of 6,955 Sq. Ft. for both main house and Guest House, vs. what is indicated as permitted Sq. Ft. in Public record of 5,414 Sq. Ft.
   b. On page 34, the appraiser identifies this gross discrepancy as rounding error. Over 1,500 Sq. Ft, of rounding. He further notes to "see additional comments". On page 38 of the Appraiser, in the Additional Comments section, there is no reference and additional explanation for this gross discrepancy.
   c. On Page 38 in the Additional Comments section, the appraiser says he is totally ignoring the current asking price of the active listings, which are lower priced, based on some very subjective opinion.
   d. Appraiser identifies in the Market Research and Analysis Section Page 45, that there has been reduction in the prices as of late. However, he chooses to ignore the Current listing with reduced value that more accurately reflect the current market condition, as comparable.
   e. In the same section on page 45 of filed document, Appraiser points out the REO and short sale properties in this area, sell on average for 31% below the market value. Which would put the Trustee sale, or short sale value of this property even at inflated value of $2.25M at $1.55M.
   f. Appraisal is not signed by the appraiser.
   (*See* Declaration of Hossein F. Bozorgzad)
8. On January 10, 2014, in expectations of reducing attorney fees and further judicial costs in this matter, Debtor communicated a settlement offer to Chase.
9. On January 14, 2014 Chase provided their response and did not accept the settlement offer.
10. Debtor request the Motion to Value hearing be continued to allow Debtor to obtain an independent appraisal on the Subject Property.
11. Debtor anticipates on filing an ex-parte Application to Employ an Appraiser before this hearing, January 21, 2014 is to take place. Hoss has been in

communications with said appraiser. Appraiser has tentatively agreed to expeditiously conduct the appraisal, pending Court authorization.

**WHEREFORE**, Debtor respectfully requests:

1. The Debtor's Motion to Value be continued to allow Debtor to obtain an appraisal;
2. Debtor consents to Chase's request for an evidentiary hearing pending the outcome of Debtor's appraisal and the continuation of this Motion to Value hearing; and
3. For such other and further relied as this court deems just and proper.

Respectfully submitted on January 15, 2014.

**Hughes Financial Law**


By: /s/ C. Anthony Hughes
C. Anthony Hughes
Attorney for Debtor