# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| **Case Title :** | 6056 Sycamore Terrace LLC | **Case No :** <br> **Date :** <br> **Time :** | 13–34541 – A – 11 <br> 1/21/14 <br> 10:00 | |
|---|---|---|---|---|
| **Matter :** | [20] – Motion/Application to Value Collateral of J P Morgan Chase Bank, N.A. [CAH–4] Filed by Debtor 6056 Sycamore Terrace LLC (mstm) | | | OPPOSED |
| **Judge :** <br> **Courtroom Deputy :** <br> **Reporter :** <br> **Department :** | Michael S. McManus <br> Sarah Head <br> Diamond Reporters <br> A | | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Debtor(s) Attorney – C. Anthony Hughes
**Respondent(s) :**
(by phone)    Creditor's Attorney – Greg Campbell

MOTION was :
Denied
See final ruling below.

The court will issue a minute order.

Final Ruling: The motion will be denied.

The debtor moves for an order valuing the rental real property 6056 Sycamore Terrace Pleasanton, California at $1,600,000 in an effort to strip down JPMorgan Chase Bank's first mortgage on the property and treat it as a partially unsecured claim. The property is not the debtor's residence.

JPMorgan Chase Bank opposes the motion, submitting its own valuation of the property – supported by an appraisal – at $2,250,000. Dockets 56 & 54.

11 U.S.C. § 1123(b)(5) permits a chapter 11 debtor to modify the rights of secured claim holders, other than claims secured only by the debtor's principal residence.

Pursuant to 11 U.S.C. § 506(a)(1), a secured claim is secured only to the extent of the creditor's interest in the estate's interest in the collateral. 11 U.S.C. § 506(a)(1) provides that:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim."

"[The value of the collateral] shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

A debtor's opinion of value is evidence of value and it may be conclusive in the absence of contrary evidence. Enewally v. Washington Mutual Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir. 2004).

The debtor contends that the property has a value of $1,600,000. Docket 22; Schedule A. The property is subject to:

– a first mortgage in favor of JPMorgan Chase Bank for approximately $2,231,587,
– a second mortgage in favor of IndyMac Mortgage Services for approximately $250,000, and
– a third mortgage in favor of Jahan and Faran Honardoost for approximately $200,000.

The court is not persuaded that the property has a value of $1,600,000.

The debtor's valuation is based solely on the debtor's opinion of value. Docket 22. On the other hand, JPMorgan Chase Bank has produced an appraisal dated December 12, 2013, valuing the property at $2,250,000. Dockets 56 & 54. The appraisal is supported by a declaration and it contains expert testimony. The apprisal contains an extensive comparables analysis of the property. Docket 54. The court adopts JPMorgan Chase Bank's valuation of the property.

Accordingly, the motion will be denied.