



1  Faran Honardoost Pro Se
   P.O.Box 11866
2  Pleasanton, CA 94588
   925-922-0822
3  faran@homesbyfaran.com

4              UNITED STATES BANKRUPTCY COURT

5

6         EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

7

8  6056 SYCMORE TERRACE, LLC           Case No.: 2013-34541 Chapter 11
9              Plaintiff,              Docet control No: CAH-007
                                       OPPOSITION TO MOTION TO APPROVE
10 vs.                                 SETTLEMENT AND CONTINUANCE DUE TO LACK
                                       OF NOTICE
11 FARAN HONARDOOST
12             Defendant
                                       Plan Confirmation Hearing:
13                                     Date: October 20 & October 27, 2014
                                       Time: 10:00 A.M
14                                     Place 501 I street, 6th floor
                                       Sacramento, CA 95814
15                                     Department A- Courtroom 2
                                       Judge: Hon. Michael S. McManus
16

17

18

19
           I, **Faran Honardoost**, hereby declare as follows:
20
           1) I have full knowledge of the facts contained herein, and if necessary, I could and would testify
21
   to the same. I am a single mother of two children. I currently work as a Real Estate Broker and I recently had to
22
   take a second part time job in retail store to make end meet per collateral damage caused by Mr. Bozorgzad.
23
           2) I have a Deed of Trust on the 6056 Sycamore Terrace dated April 22/2008 **Exhibit A**
24
           3) On October 7th of 2014 I filed with the court my respond rejecting the ballot for accepting the
25
   plan of reorganization. **Exhibit B**
26
           4) I am asking the court to grant me my what is owed to me.
27

28

   OPPOSITION TO MOTION TO APPROVE SETTLEMENT AND CONTINUANCE DUE TO LACK OF
   NOTICE- 1

5) I ask the court to continue this matter due to lack of notice on bozorgzad to me I just received the notice in the mail two weeks a go. I ask the court to grant me some time so I can catch up to the file and figure out a legal course of action.

6) I have to represent myself due to lack of funds.

I declare under penalty of perjury, the foregoing is ture and correct. Excuted this 10, day of October 2014 in Dublin CA

Faran Honardoost

*[signature]*

OPPOSITION TO MOTION TO APPROVE SETTLEMENT AND CONTINUANCE DUE TO LACK OF NOTICE- 2

RECORDING REQUESTED BY:
Farangiz Honardoost
Jahan Honardoost

AND WHEN RECORDED MAIL TO:
Farangiz Honardoost
Jahan Honardoost
240 B Spring St.
Pleasanton, Ca 94566

Order No.:
Escrow No.:
APN: 948-0017-015



2009005378   01/09/2009 11:18 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:   23.00

5   PGS

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

This Deed of Trust, made this ____22_____ day of _April, 2008_____, between __ Hossein F. Bozorgzad _____, herein called TRUSTOR, whose address is 6056 Sycamore Terrace Pleasanton, CA 94566 _Farangiz Honardoost and Jahan Honardoost_____, herein called TRUSTEE, and ____ Farangiz Honardoost and Jahan Honardoost _____, herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in ___Alameda_____ County, California, described as:

See Attached Exhibit A

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $___200,000.00_____ executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it

2

may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_Hossein F. Bozorgzad_

STATE OF CALIFORNIA )
COUNTY OF _Alameda_ ) SS.
                    )

On _12·24·08_ before me, _Lara Wood_, Notary Public, personally appeared _Hossein F. Bozorgzad_, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
Signature _Lara Wood_

LARA WOOD
COMM. # 1644672
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Feb. 11, 2010

FOR NOTARY STAMP

3

# EXHIBIT "A"

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA, CITY OF PLEASANTON, AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

PARCEL 4, PARCEL MAP 7534, FILED AUGUST 31, 2000, MAP BOOK 252, PAGE 79, ALAMEDA COUNTY RECORDS.

PARCEL TWO:

A NON-EXCLUSIVE EASEMENT FOR PRIVATE ACCESS AND INCIDENTS THERETO, OVER, UNDER, ALONG AND THROUGH THOSE AREAS OF PARCEL 3 AND 4 OF SAID PARCEL MAP 7534 SHOWN AS "PAE", FOR THE BENEFIT OF PARCEL ONE ABOVE.

PARCEL THREE:

A PRIVATE ACCESS EASEMENT (P.A.E.) GRANTED IN THE DEED TO HOSSEIN F. BOZORGZAD, ET UX, RECORDED AUGUST 14, 2000, SERIES NO. 2000-241187, OVER AND ALONG A STRIP OF LAND DESCRIBED AS FOLLOWS:

PORTION OF LOT 1, AS SAID LOT IS SHOWN ON THE MAP OF THE PLEASANTON TRACT, FILED JANUARY 21, 1919, MAP BOOK 16, PAGE 72, ALAMEDA COUNTY RECORDS, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTH LINE OF SAID LOT 1, SAID POINT ALSO BEING THE NORTHEAST CORNER OF THAT PARCEL OF LAND DESCRIBED IN THE CORRECTION GRANT DEED TO EARL E. BACH JR., A SINGLE MAN RECORDED JULY 17, 2000, SERIES NO. 2000-210713 OFFICIAL RECORDS OF ALAMEDA COUNTY; THENCE SOUTH 00 DEGREES 08 MINUTES 01 SECONDS WEST (THE BEARING OF THE EASTERLY LINE OF SAID BACH DEED BEING TAKEN AS SOUTH 00 DEGREES 08 MINUTES 01 SECONDS WEST FOR THE PURPOSES OF THIS DESCRIPTION) 206.43 FEET, TO THE POINT OF BEGINNING; THENCE CONTINUING SOUTH 00 DEGREES 08 MINUTES 01 SECONDS WEST 377.07 FEET MORE OR LESS TO THE NORTHERLY LINE OF PARCEL OF LAND DESCRIBED IN THE DEED TO THE CITY OF PLEASANTON, RECORDED MARCH 26, 1999, SERIES NO. 99-130272, SAID POINT ALSO BEING THE BEGINNING OF A NON-TANGENT CURVE CONCAVE TO THE NORTH

Request Number:   355029

Requested By:   **FARAN**

Request Type:   **Image**

Requested At:   **01/29/2009 03:21 PM**    Processed at : **01/29/2009 03:24 PM**

Description:

No Pages:   **4**

User Type:   **Public User**

Certified Copy:   **NO**

Exhibit B

Case 13-34541    Filed 10/10/14    Doc 220

ORIGINAL FILED

OCT - 7 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

-------------------------------------

501 I Street
Sacramento, CA 95814

Chambers of Hon. Michael S. MCManus

LLC

Case No: 2013-34541
6056 Sycamore Terrace

Date: October 7th, 2014

Regarding:
Respond to the ballot for accepting or rejecting plan of reorganization.

I Faran Honardoost reject the proposed plan for the following reasons.

I Faran Honardoost am a creditor on 6056 Sycmaore representing myself without an attorney. I am submitting this to the court in opposition to the Debtor's plan of reorganization

I am a real estate broker specializing in Luxury Properties in Pleasanton. I have lived in Pleasanton since 1991 and have been in real estate industry since 2000.

I don't know the law but I know I have the right to ask the court to assist me with protecting my rights.

Mr. Bozorgzad approached myself and my husband Jahan Honardoost to invest in the hotel project in Auburn which I refused. Mr. Bozorgzad convinced my ex husband to lend him money without my knowledge without any notes in the name of friendship. The money was from our line of credit on our personal residence with Fremont bank. Months later my husband informed me of what had happened when Mr. Bozorgzad had refused to make the payments. I found out that Mr. Bozorgzad's application with Marriot was on the pending status and used the opportunity to have him give us liens against his properties. One lien of $200,000 is agains the subject property. My husband had left Silicon Valley and I had just opened up my Real Estate Office in Pleasanton. Our mortgage of $5,000 was increased to over $7300 because of the line of credit. The financial pressure of carrying the house mortgage and office rent and expenses of over $12,000 a month and the lies broke our marriage of 20 years apart. My husband moved out to live with Mr. Bozorgzad and one afternoon pressuring me to remove the lien against his project I was physically abused. I called the police and filed for divorce.

We sold our home and my kids and I have been through a very long journey which does not allow me to afford an attorney. If my approach and my presentation makes me the ridicule of the court, then it is. I am here to represent myself and

protect our $200,000 note which is only part of what he owes us. I have lost my marriage of 20 years, I can take the ridicule.

In the past 5 years I have had no communication with the Debtor and on March 17th 2014 by accident as I was searching my name on the internet I cam across a link to a deposition with my name as a creditor. With those two lines of information on the computer monitor, I immediately took actions by writing to your court first, then contacting the District Attorney in Sacramento. The district attorney provided me with the Debtor's application with the court which allowed me to contact the office of Anthony Hughes. I have never ever been notified or received any documentation in regards to the bankruptcy. Mr. Bozorgzad had full knowledge of our divorce and knew exactly where I was living but failed to share that information with his attorneys.

On October 3rd of 2014, it was brought up to my attention that the Hill Top had sought bankruptcy reorganization. I had no knowledge of such event. I was not contacted by Mr. Bozorgzad's attorney in this regards and I assume all the paperwork and notifications were sent to my ex husband Jahan Honardoost. No one including my ex husband notified me of any claims of bankruptcy filled.

I am asking the court to protect my interests on this matter and a clarification on where my rights are (if any) in regards to Hill Top project as I have no clue how my faith was decided in the judicial system.

*Foran Honardoost* (signature)